UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON DAVIS,

   Plaintiff,

     v.                       Case No.

NORTHSTAR LOCATION SERVICES, LLC,

   Defendant.
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

SHARON DAVIS ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., alleges the following against NORTHSTAR LOCATION SERVICES, LLC, ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Trenton, Gilchrist County, Florida.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant has its headquarters in Buffalo, New York.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. On or about June 16, 2010, Defendant placed a collection call to Plaintiff stating it is a collection agency calling regarding a debt for Carl Hansbrough ("Hansbrough") .

11. Plaintiff informed Defendant that Hansbrough does not reside with her and that she has not spoken with him in 30 years.

12. Plaintiff demanded that Defendant remove her telephone number from the account.

13. On June 23, 2010, Defendant placed another collection call to Plaintiff regarding the debt for Hansbrough.

14. Defendant informed Plaintiff that two or three years ago, Hansbrough listed Plaintiff as a contact and included her telephone number.

15. Plaintiff just began using the telephone number that Defendant contacted in April 2010.

16. Plaintiff contacted Defendant at 866-856-3109, and spoke with Defendant's representative "Heath" who identified himself as a supervisor or manager.

17. Heath confirmed that Plaintiff's phone number was removed from Hansbrough's account.

18. Heath then informed Plaintiff that she could be prosecuted for offering third party information regarding how to contact Hansbrough.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

    b. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of any debt.

    c. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning Plaintiff.

WHEREFORE, Plaintiff, SHARON DAVIS, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Nicholas J. Bontrager
[ ] Nicholas J. Bontrager
Attorney for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 229
Fax: (323) 802-0021
nbontrager@consumerlawcenter.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHARON DAVIS, hereby demands trial by jury in this action.

STATE OF FLORIDA

Plaintiff, SHARON DAVIS, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SHARON DAVIS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

July 5, 2010
Date

_____
SHARON DAVIS